## Case No. 4,740.
### FERGUSON v. O'HARRA.
[Pet. C. C. 493.][1]
Circuit Court, D. Pennsylvania. April Term, 1818.

---

[1] [Reported by Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. The general rule upon this subject is, that if the defendant answer to the same matter which is covered by his pleà, and which by his plea he contends he is not bound to answer, the latter overrules the former. The only exception to the rule is the case where an answer is necessary to support the pleà, as where the bill charges circumstances calculated to avoid the anticipated bar of the defendant; there it is proper, not only that the plea should contain all necessary averments to remove those circumstances out of its way, but the defendant must support his plea by an answer also denying the same circumstances, because otherwise, he would lose the opportunity of excepting, and thus drawing from the defendant some confession, which might destroy the bar set up by the plea. This at least is the reason assigned in the books, for the necessity of supporting a plea by an answer. The general rule is founded upon the most obvious reasons, growing out of the nature and design of a plea in equity. It is intended to narrow the controversy, or so much of it as the plea covers, to a single point, and thus to avoid the expense of going into an examination of the case at large, and the delay incident to such an investigation. If then the plea goes to the whole bill, and contains averments sufficient to bar the plaintiff of the relief he seeks, and also to protect the defendant against a full discovery, an answer to the whole bill renders the plea, to say the least of it, useless as to the relief, and is in itself a felo de se as to the discovery. Why decline to answer on account of the matter set up in the plea, and yet in the next moment give the answer? And why object to the relief prayed by two forms of pleading, when either would have been sufficient? If indeed the plea is only to some part of the bill, then it will be necessary for the defendant to answer as to the residue, unless the matter should be proper for a demurrer.

In case the court should entertain the opinion above expressed, the defendant has preferred a motion for leave to amend his plea, by striking out the denials of the specific averments in the bill, so far as such denials are contained in the answer. This motion is not sufficiently specific to entitle it to the indulgence which is asked. The defendant ought to have stated more precisely which are the particular parts of the plea intended to be omitted, that it might be seen whether the amendment would remove the difficulties, which the pleadings now suggest. The objection is not to the form of the plea, but to the answer which renders the plea unnecessary. If the motion had been to amend the answer, by striking out such parts of it as are not necessary to support the plea, it would have been more intelligible to the court. But it is at least probable, that if the plea were divested of all the denials of the specific averments, which are also stated in the answer, it might be open to objections, from which in its present form it is exempt. The court overrules this motion with the less reluctance, as the defendant may have all the benefit of the matter of the plea at the hearing.